**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lee Chance, Sr., | No. CV-17-00198-TUC-DCB |
| Petitioner, | No. CR-10-03167-TUC-DCB |
| v. | **ORDER** |
| USA, | |
| Respondent. | |

On July 24, 2018, Jeffrey G. Buchella, who was appointed counsel for Petitioner in CR 10-3167 TUC DCB, filed a Status Report in CV 17-198 TUC DCB. He informs the Court that the Petitioner's direct appeal was dismissed as moot because he was released from custody. The Mandate issued in the criminal case on July 6, 2018.

On May 24, 2017, the Court revoked Petitioner's supervised release and sentenced Petitioner to 11 months in prison. (Judgment (CR 10-3167) (Doc. 65)). Petitioner, acting pro se, filed a Motion to Vacate, Set Aside or Correct Sentence (2255 Petition) on May 1, 2017. (Motion (17-198) (Doc. 1)). On May 3, 2017, the attorney who had represented him at sentencing filed a Motion to Withdraw, which was granted by this Court. (Order (CR 10-3167) (Doc. 68)). On June 5, 2017, the Court appointed Mr. Buchella as counsel for Mr. Chance to determine whether any habeas issues arose from his sentence or whether to file an appeal. (Order (CR 10-3167) (Doc. 70)). Counsel filed an appeal, (Notice (CR 10-3167)), and the Court stayed the Petition (Order (CV 17-198) (Doc. 7)).

The Court has reviewed the habeas Petition and finds that he challenged the

Presentence Report as being wrong and complained that he had accepted responsibility and plead guilty but was not been given a promised 2 or 3 point reduction in his sentence. He complains that his attorney was ineffective because he failed to advise him that he could appeal or file a Motion to Vacate, Set Aside or Correct the sentence. The Court finds that the Petition does not challenge the underlying conviction. Just as it did in respect to his direct appeal, the release of the Petitioner/Defendant on January 5, 2018, from prison moots the Motion to Vacate his Sentence. *Lane v. Williams,* 455 U.S. 624, 631-34 (1982). He has been released from custody, is not subject to supervised release, and has not demonstrated collateral consequences. *See Spencer v. Kemna*, 523 U.S. 1, 14-18 (1998) (refusing to presume collateral consequences adequate for injury-in-fact jurisdictional requirement where appellant challenged his parole revocation); *see also United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir.1999) (holding appellant who has completed his sentence lacks standing to challenge his criminal history calculation).

**Accordingly,**

**IT IS ORDERED** that the Motion to Vacate under 28 U.S.C. 2255 (CR 10-3167 TUC DCB) (Doc. 66) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence (2255 Petition) (CV 17-198 TUC DCB) (Doc. 1) is DISMISSED AS MOOT.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly and close the civil case: CV 17-198 TUC DCB.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall docket this Order in both cases and mail a copy of it to Mr. Buchella at 177 N. Church Ave., Suite 200, Tucson, AZ 85701.

Dated this 6th day of August, 2018.

Honorable David C. Bury
United States District Judge